**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6951

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

WILLIAM JEFF ALMOND,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:06-cr-00184-D-1)

Submitted:  September 30, 2013        Decided:  October 9, 2013

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William Jeff Almond, Appellant Pro Se.  Jennifer P. May-Parker, Rudy E. Renfer, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Jeff Almond seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2006) motion and petition for a writ of coram nobis.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Almond has not made the requisite showing. Almond raises

---

[*] The district court properly concluded that the limited remedy of coram nobis was not available to Almond. See United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).

2

an unresolved question in this circuit whether § 2255 bars a prisoner from filing a second habeas petition when intervening precedent has vindicated the argument rejected in the prisoner's first habeas petition. See Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011). In light of the posture of this case, however, we need not and do not reach that question. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED